IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES RILEY                                                                PETITIONER

v.                                                                    No. 1:10CV174-D-S

BARBARA ALLEN, ET AL.                                                     RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Riley for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition. Riley has not filed a traverse, and the deadline to do so has expired. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

James Riley is in the custody of the Mississippi Department of Corrections and is currently housed in the Madison County Community Work Center in Canton, Mississippi. He was convicted of two counts of trafficking in stolen firearms (Counts IV and V) and sentenced by the Circuit Court of Attala County, Mississippi, to serve a term of thirty years on each count – to run concurrently – in the custody of the Mississippi Department of Corrections.

Riley appealed his convictions and sentences to the Mississippi Supreme Court, raising the following grounds for relief (as stated by Petitioner through counsel):

Issue No. 1:   Whether Miss. Code Ann. §97-37-35(c)(2006 Supp.) is unconstitutional?

Issue No. 2:   Whether the verdicts for Counts IV and V were adequately supported by competent evidence?

Issue No. 3:   Whether Riley's sentence is unconstitutionally disproportionate?

Issue No. 4:   Whether jury instruction No. 4 was improper?

The Mississippi Court of Appeals affirmed Riley's convictions and sentences. *Riley v. State*, 1 So. 3d 877 (Miss. App. 2008), *reh'g. denied,* October 14, 2008, *cert. denied,* February 5, 2009 (Cause No. 2007-KA-00445-COA).

Riley then filed an application to proceed with a petition for post-conviction collateral relief in the Mississippi Supreme Court raising the following grounds for relief (as summarized by Respondents):

1. The indictment is defective on its face as it fails to notify Petitioner of the crime with which he is charged.

2. The indictment is vague as to the offense committed in that it lacks the elements of the crime; requires no *mens rea*, criminal intent or knowledge that weapon is stolen or criminal intent to sell a stolen weapon.

3. The indictment is vague as to which subsection of the statute it is charging.

4. The defective indictment caused an increase in the crime charged from possession of a stolen weapon to trafficking.

5. The defective indictment provided for a sentence which was grossly disproportionate to the criminal conduct sought to be deterred.

6. Petitioner received ineffective assistance of counsel at trial and on appeal:

    A. Trial counsel should have moved to dismiss or quash the indictment on the grounds that it failed to give Petitioner sufficient notice of the crimes with which he was charged.

    B. Appellate counsel should have raised a claim challenging trial counsel's failure to file such a motion to dismiss or quash the indictment.

The Mississippi Supreme Court denied Riley's application, holding in pertinent part:

> After due consideration, the panel finds that Riley's argument that his indictment was defective is procedurally barred pursuant to Miss. Code Ann. §99-39-21(1). The panel further finds that Riley's claims that he was denied effective assistance of counsel fail to meet the standards required by *Strickland v. Washington*, 466 U.S. 668(1984). The panel finds that Riley has failed to make a substantial

-2-

showing of the denial of a state or federal right as required by Miss. Code Ann. §99-39-27(5). Accordingly, Riley's application for post-conviction relief should be denied.

Riley then filed a second application in the Mississippi Supreme Court entitled "Petition for Discretionary Review," raising the following grounds for relief (as stated by Petitioner):

1. Appellant has been convicted of an offense not charged in the indictment in violation of Article 3 Section 27 of the Mississippi Constitution and the 5th Amendment of the U.S. Const.

2. The sentence appellant received "exceeds" the maximum authorized by law, as appellant is a first time offender (illegal sentence).

The Mississippi Supreme Court dismissed this second filing as a procedurally barred successive petition.

In his federal *habeas corpus* petition, Riley raises the following grounds for relief (summarized for brevity and clarity):

| | |
|---|---|
| Ground One: | Illegal sentence. |
| Ground Two: | The statute is unconstitutionally vague in that it fails to define what constitutes serious bodily injury or extreme indifference to the value of human life. |
| Ground Three: | Improper indictment for trafficking in stolen firearms when charge should have been for receiving stolen property or accessory after the fact. |
| Ground Four: | Ineffective assistance of counsel because Petitioner's attorney Jim Davis Hull, who was federally indicted in 2005, made improper closing argument. |

**Procedural Bar**

All of Riley's claims are procedurally barred. Ground Four is procedurally barred because he did not submit it to the Supreme Court and cannot now do so. The Mississippi

Supreme Court found Grounds One and Two to be procedurally barred because Riley did not make a contemporaneous objection at trial. Finally, Ground Three is procedurally barred because Riley did not raise the ground either at trial or direct appeal.

## Ground Four

The specific claim of ineffective assistance of counsel raised in Ground Four of Riley's federal *habeas corpus* petition was not raised before the state supreme court on post-conviction collateral review. In Ground Four of his petition, Riley challenges trial counsel's closing argument. However, on post-conviction collateral review, Riley raised claims that trial counsel should have challenged the indictment and appellate counsel should have challenged trial counsel's failure to do so. As such, Riley's current challenge to trial counsel's closing argument has not been presented to the Mississippi Supreme Court. Each individual claim of ineffective assistance of counsel must be exhausted separately. *Wilder v. Cockrell*, 274 F.3d 255, 261 (5th Cir. 2001). Because Riley failed to present this claim to the state's highest court, thus giving the state a fair opportunity to pass upon it, the claim is procedurally barred from federal review under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) and should be dismissed with prejudice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones, supra*, quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). In failing to raise the specific claim of ineffective assistance of counsel as contained in Ground Four in his post-conviction motion, Riley did not proceed in a procedurally proper

manner. "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal *habeas corpus* relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Riley did not present the claim in Ground Four in his post-conviction motion; as such, Riley waived having the state's highest court review the claim on the merits. Therefore, Riley defaulted the ineffective assistance of counsel claim in Ground Four, and the court will not review that claim.

### Grounds One, Two, and Three

Riley's allegations in Grounds One and Two were found to be procedurally barred by the Mississippi Court of Appeals on direct appeal under Mississippi's contemporaneous objection rule due to Riley's failure to raise the claims at trial.[1] His allegations in Ground Three were procedurally barred by the Mississippi Supreme Court on post-conviction collateral review pursuant to MISS. CODE ANN. § 99-39-21(1).[2] "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgement." *Sayre v. Anderson*, 238 F. 3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*,

---

[1] The state appellate court alternatively considered Riley's allegation that his sentence is illegal as contained in Ground One on the merits and found that Petitioner was not entitled to relief.

[2] Section 99-39-21(1) of the Mississippi Code reads: "Failure by a prisoner to raise objection, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

-5-

501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). Failure to present an issue to the trial court is an independent and adequate state procedural bar. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir.1992). Further, the adequacy of the procedural bar applied in state court to Riley's claims as contained in Grounds One and Two depends on "whether Mississippi has strictly or regularly applied it."[3] *Id.* (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* Riley has failed to carry his burden of proof in that he has not shown "inconsistent and irregular" application of the bar, and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

**Riley Cannot Overcome Procedural Bar as to Any of His Claims**

Federal courts may not conduct *habeas corpus* of claims that have been procedurally barred unless the petitioner can demonstrate cause and actual prejudice, which Riley has not shown. *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333(1992)). In order for a court to find the cause necessary to excuse procedural default, "there must be something *external* to the petitioner, something that cannot

---

[3] For examples of cases in which the Mississippi courts have consistently applied this bar see the following: *Wansley v. State*, 734 So.2d 193, 198 (Miss.App.1999); *Turner v. State*, 732 So.2d 937, 948 (Miss.1999); *Smith v. State*, 729 So.2d 1191, 1201 (Miss.1998); *Brewer v. State*, 725 So.2d 106, 132 (Miss.1998); *Smith v. State*, 724 So.2d 280, 309 (Miss.1998); *Hunter v. State*, 684 So.2d 625, 637 (Miss.1996); *Foster v. State*, 639 So.2d 1263, 1288-89 (Miss.1994); *Lambert v. State*, 574 So.2d 573, 577 (Miss .1990).

fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in orginal). Examples of objective factors which have been found to constitute such cause include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [Petitioner]." *McClesky v. Zant*, 499 U.S. 467 (1991). In addressing cause for procedural default which may be attributed to attorney error, the United States Supreme Court has held,

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986).

Riley has not shown "cause" under the "cause and prejudice" test to allow the court to reach the merits of his claims despite the procedural bar because no external impediment existed to prevent him from raising the claims in state court. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Riley could have properly raised the issues in the present petition either on direct appeal or in an application to proceed with post-conviction collateral review. Riley did not, however, include present any of these claims to the Mississippi Supreme Court in a procedurally proper manner. As Riley has not shown cause for the default, the court need not consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

The court's decision not to review the claim on the merits will not result in a "fundamental miscarriage of justice," because Riley has not shown "that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)), *Martin*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505

U.S. 333 (1992)). He has not presented new, reliable evidence – not presented at trial – to show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). He has thus not shown that a fundamental miscarriage of justice would result if his claim is not considered on the merits. All of the claims in the instant petition must therefore be dismissed as procedurally barred. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of September, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE